FILED
SUPERIOR COURT
OF GUAM

2021 AUG -3 PM 1: 42

BY

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM HEALTHCARE DEVELOPMENT, INC., *d.b.a.* GUAM REGIONAL MEDICAL CITY,<br><br>      Plaintiff,<br><br>vs.<br><br>DCK PACIFIC GUAM, LLC.,<br>      Defendant. | Special Proceedings Case No. SP0093-20<br><br><br>**DECISION AND ORDER**<br>(Motion for Attorney's Fees and Costs) |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on May 25, 2021 for a hearing on Plaintiff's Motion for Attorney's Fees and Costs. Plaintiff Guam Healthcare Development, Inc., d.b.a. Guam Regional Medical City ("GRMC") was represented by Attorney Joyce C.H. Tang. Defendant DCK Pacific Guam, LLC ("DCK") was not present at the hearing. Having considered the arguments and the applicable law, the Court hereby **ORDERS** the award of attorney's fees to GRMC in the amount of $9,110.00 and related costs in the amount of $640.13.

### BACKGROUND

GRMC and DCK entered into an agreement for the construction of the Guam Regional Medical City Hospital building project ("CM Agreement") on July 28, 2011. 7/9/20 Tang Decl., Ex. B. p. 4. The construction project began on January 2, 2012. *Id.* However, DCK ceased work on the project on June 25, 2015. *Id.* at 6. GRMC notified DCK on August 8, 2015 that, by ceasing work, DCK had abandoned the project. *Id.* at 7. GRMC filed a demand for arbitration with the American Arbitration Association ("AAA") on June 14, 2018 and filed an

Amended Demand for Arbitration on February 4, 2019. *Id.* at 3. DCK did not answer or otherwise appear at the arbitration. *Id.* By June 11, 2019, the appointed Arbitrator issued the Final Award in favor of GRMC. *Id.* at 10.

On July 9, 2020, GRMC submitted an Application for Order to Confirm Arbitration to this Court, praying for an order confirming the Final Award, including attorney's fees. This Court entered a Judgment Confirming Arbitration Award on February 11, 2021. By March 11, 2021, GRMC submitted a Memorandum of Points and Authorities in Support of GRMC's Motion for Attorney's Fees and Costs. After a motion hearing for attorney's fees and costs was held on May 25, 2021, this matter was taken under advisement.

## DISCUSSION

### A. Guam law and the CM Agreement Support GRMC's Entitlement to Attorney's Fees and Costs.

Both Guam law and the CM Agreement support granting GRMC's motion for attorney's fees and costs. Although it is typical for parties to bear the financial burdens of litigation in disputes, the Supreme Court of Guam recognizes an exception to this rule. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. If the reimbursement of attorney's fees is "authorized by contract" then it is proper for the prevailing party to be entitled to that reimbursement. *Id.* A prevailing party in a dispute "ordinarily means the party achieving a favorable judgment." *Guam Mem. Hosp. Auth. v. Civil Serv. Comm'n*, 2015 Guam 18 ¶ 46 (citations omitted).

Here, the CM Agreement explicitly allows for the award of attorney's fees to a prevailing party. The CM Agreement states, in part, that "the successful or prevailing party or parties will be entitled to recover reasonable attorney's fees and other costs" from a "dispute resolution proceeding." CM Agreement §12.8. The language of §12.8 indicates that the exception applies here because the recovery of attorney's fees for the prevailing party is

authorized by the contractual agreement between GRMC and DCK. Therefore, the CM Agreement itself supports a finding that GRMC is entitled to its attorney's fees and costs.

Additionally, there is no doubt that GRMC is the prevailing party in this dispute. This Court entered an Order Granting Application for Order to Confirm Arbitration Award through which the Final Award was confirmed. GRMC was clearly the party receiving favorable judgment by this Court because its Application for Order to Confirm Arbitration Award was granted, which confirmed the arbitration award to GRMC of $12,191,245.47 in damages. Order (Feb. 11, 2021), p. 2. In that Order, this Court further indicated that "GRMC is entitled to its attorney's fees and costs incurred in confirming the Final Award." *Id.* at 3. Because Guam law and the CM Agreement support GRMC's entitlement to attorney's fees and costs as the prevailing party, GRMC should be awarded reasonable attorney's fees and costs.

**B. GRMC's Attorney's Fees and Costs Were Reasonable.**

The CM Agreement authorizes the recovery of "reasonable attorney's fees and other costs" brought in a dispute resolution proceeding for enforcement or breach of the CM Agreement. CM Agreement §12.8. The first step in analyzing the reasonableness of attorney's fees is to consider the "lodestar," which is determined by "multiplying the number of hours reasonably spent on a case by a reasonable hourly rate." *Paeste v. Guam*, No. 11-00008-CBM, 2013 WL 6254669, at *2 (D Guam Dec. 3, 2013), *aff'd sub nom. Paeste v. Gov't of Guam*, 624 F. App'x 488 (9th Cir. 2015). When determining the reasonableness of attorney's fees, it is proper for "the court [to] defer to the winning lawyer's professional judgment" regarding the time spent on the case for billing purposes. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Concerning the hourly rate for services, reasonableness may be determined by evaluating prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The reasonableness standard adopted by the Ninth Circuit also

indicates that courts should evaluate the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d. 973, 979 (9th Cir. 2008).

Here, the time spent by Attorneys Joyce Tang and Sirena Cassidy from the Civille and Tang law firm ("Firm") on researching and drafting documents for this case appears reasonable. Tang presents a detailed explanation of the time spent by both her and Cassidy, including time spent researching, preparing for court hearings, and preparing documents for filing. 3/11/21 Tang Decl. ¶ 6(a)–(d). The time spent by both attorneys does not appear to be duplicative or excessive, and a thorough explanation of tasks billed was provided. A total of 13.9 hours was spent preparing the Application to Confirm the Arbitration Award (totaling $3,385.00), 2.1 hours was spent researching procedural issues (totaling $547.50), 8 hours was spent on matters relating to the hearing on GRMC's application (totaling $2,150.00), and 11.1 hours was spent on the Motion for Attorney's Fees and Costs (totaling $3,027.50). *Id.* These hours were billed at rates ranging from $225 to $275 per hour, which are below the Firm's prevailing rates. *Id.* Because it is proper to defer to the winning attorney's professional judgment when evaluating the reasonableness of billable time spent, this Court views Tang's Declaration and explanation of billable time as persuasive to entitle GRMC to its attorney's fees.

Additionally, the hourly rate charged for billable work by Tang and Cassidy is reasonable considering the legal market in Guam. The average hourly rate for legal services by attorneys with similar skills and experience in Guam ranges from $275 to $350 per hour. *Id.* ¶ 9. Here, Tang and Cassidy charged GRMC at or below the market rate at $250 and $225 to $275 per hour, respectively. 3/11/21 Tang Decl. ¶¶ 11(b), 12(b). Tang and Cassidy also charged GRMC less than their typical hourly rates in this case. *Id.* Therefore, the hourly rate

charged by Tang and Cassidy for work performed on GRMC's case was reasonable when considering the prevailing rate in the local community for legal work performed by attorneys with comparable skill, experience and reputation.

Finally, concerning the $640.13 incurred in related expenses, this Court finds that these expenses were reasonable and necessary. These costs include the following:

- $360 for court filing fees;

- $100 for a certified copy of the Final Award;

- $36 for regular copies; and

- $144.13 for postage.

3/11/21 Tang Decl. ¶ 13. The CM Agreement provides that the prevailing party is entitled to reimbursement for "other costs" incurred. CM Agreement §12.8. Nothing in the record would indicate that these costs are unreasonable. Because these costs are authorized under the CM Agreement and appear reasonable, the Court finds that GRMC is entitled to reimbursement of $640.13 for the incurred expenses related to this case.

## CONCLUSION

For the above reasons, the Court **ORDERS** the award of attorney's fees, totaling $9,110.00, and related costs, totaling $640.13, for GRMC.

**IT IS SO ORDERED** ___AUG 0 3 2021___.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam